UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


L.T. TUCKER, JR.,

        Plaintiff,

v.                                    Case No. 2:03-cv-292

                                          HON. DAVID W. MCKEAGUE

CATHY BAUMAN, et al.,

        Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff L.T. Tucker, Jr., confined at the Alger Maximum Correctional Facility, filed this 42 U.S.C. § 1983 complaint against defendants Cathy Bauman, Mannisto and Levandowski. Plaintiff alleges that on February 6, 2001, defendant Levandowski packed up plaintiff's belongings so plaintiff could be placed in detention for 30 days. Plaintiff asserts that Levandowski told plaintiff that he would file a false misconduct ticket against plaintiff. Further, on March 8, 2001, Levandowski allegedly destroyed over 3000 pages of court transcripts and legal materials plaintiff needed for his criminal case. Plaintiff alleges that he suffered actual prejudice in a motion for relief from judgment challenging his criminal conviction due to the destruction of his property.

Plaintiff alleges that he first filed a motion for relief from judgment in 1996 in the state trial court. When he did not hear from the court, plaintiff filed a second motion for relief from judgment in 1997. Plaintiff received a letter in 1998 from the court stating that plaintiff would receive an order when a decision was made on his motions. Plaintiff's brother then went to the courthouse to check the status of the motions. Plaintiff's brother was told that no motions had been filed. Plaintiff then wrote letters to the judge and to the clerk. A letter from the clerk stated that

plaintiff's letters were being forwarded to the Appeals Department. Plaintiff alleges that the Appeals Department wrote him informing him that no motion for relief from judgment had been filed. Plaintiff then began working on litigation against Ionia Maximum Correctional Facility staff for failing to send out his motions for relief from judgment. Plaintiff asserts that the failure to send out his motions was directly related to his status as a jailhouse lawyer and his filings of grievances and lawsuits.

On August 30 or 31, 1999, the MDOC destroyed over 5000 pages of plaintiff's litigation materials. Plaintiff includes this allegation to show actual prejudice resulting from defendant Levandowski's March 6, 2001, destruction of property. All the documents that were destroyed in 1999 were replaced by plaintiff's brother who had copies of the documents. Plaintiff was working on his third motion for relief from judgment and his second habeas petition, when Levandowski allegedly destroyed plaintiff's legal materials. Plaintiff intended to file his motion for relief from judgment and his habeas petition in April, 2001.

Plaintiff alleges that on August 8, 2001, he wrote a civil complaint against defendant Levandowski. Plaintiff personally gave defendant Mannisto a legal envelope with an original civil action against defendant Levandowski addressed to the federal court in Grand Rapids, Michigan. Plaintiff alleges that defendant Mannisto failed to mail his complaint to the federal court. Plaintiff alleges actual injury resulted due to the time it took to get his legal documents back.

Plaintiff alleges that he then prepared a civil complaint against defendants Levandowski and Mannisto and on October 18, 2002, he provided defendant Bauman with a legal envelope containing the civil complaint. Plaintiff alleges that defendant Bauman failed to mail his civil complaint to the court. Plaintiff complains that defendant Bauman came to his cell on December 5, 2003, and said " I ant doing nothing for you sucker today you complaint to much what

I want to do for you is kill you."  On December 18, 2003, defendant Bauman allegedly stated "we are going to kick you ass real soon," and "I have staff pull you out that cell so we can beat you ass real good today and send you to the hospital."

Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  While the evidence must be viewed in the light most favorable to the nonmoving party, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners.  *Id.* at 817.  The Court further noted that in addition to law libraries or

alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25.   An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit.  In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, *1-2 (6th Cir. Nov. 12, 1997).  In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim.  *Lewis*, 518 U.S. at 351-353; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Further, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999).  The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.  "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).  Moreover, the underlying action must have asserted a non-frivolous claim.

*Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

Defendant Levandowski, a correctional officer at Ionia Maximum Correctional Facility, states that he logged ten legal sized envelops of non-legal material, magazines and personal letters while packing up plaintiff's belongings on February 6, 2001. Plaintiff was allowed to take legal documents with him to detention. Defendant Levandowski claims that he packed the property that was not allowed in detention and secured it in the housing unit property carrel. Defendant Levandowski states that he has no personal knowledge what happened to the property after that. He believed that the property room officer would have removed the items and secured them in the property room until plaintiff returned from detention status. Defendant Levandowski states that plaintiff was completely cooperative during the pack-up. Plaintiff argues that the documents taken were legal documents.

Although plaintiff complains that he suffered actual prejudice as a result of the confiscation of these documents, plaintiff has made no effort to show how he suffered any prejudice. Plaintiff has failed to show why these documents were essential to his criminal appeals and motions for relief from judgment. Those types of claims are generally based upon established court records and court transcripts. Materials outside the court record are generally not even considered. Moreover, an access to courts claim cannot arise out of difficulties in filing a motion for relief from judgment. Further, plaintiff has failed to show that defendant Levandowski did anything wrong.

Defendant Bauman asserts that she does not recall ever receiving an envelope from plaintiff. Plaintiff has failed to support his access to the courts claim against defendant Bauman. Even if the envelope containing a civil rights lawsuit was lost or destroyed, plaintiff has failed to explain why he could not have simply sent a new complaint to the court. Plaintiff has replicated

those claims in this lawsuit.  He has supported those claims with documents.  Plaintiff has failed to show how his access to the courts rights were violated when he could have easily filed a new lawsuit. Moreover, plaintiff has not shown that his underlying lawsuit would have had any merit.  Plaintiff makes a similar claim against defendant Mannisto.  Defendant Mannisto asserts that she does not recall receiving a legal envelope from plaintiff, but that her normal practice is to give mail to the case manager's office.  Again, even if the mail was lost or destroyed, plaintiff has failed to show how he was prejudiced in an actionable legal case, or why he simply was unable to file a new complaint. There exists procedures available to prisoners to recover the cost of lost property.  Plaintiff has failed to explain why he was unable to use those procedures.  Plaintiff has simply failed to support his claims of denial of access to the courts.

Plaintiff arguably asserts a retaliation claim against defendant Levandowski. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 *1037 (6th Cir.1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct.  *Thaddeus-X*, 175 F.3d at 394.  Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  Plaintiff has failed to show that he can support any of the elements of a retaliation claim against defendant Levandowski.  While plaintiff asserts that he filed past grievances and past lawsuits, he has not shown that he filed any grievances or lawsuits against defendant Levandowski or that defendant

- 6 -

Levandowski was made aware of any of the alleged past filings.  Further, plaintiff has failed to show that he suffered adverse conduct, or that defendant took any wrongful action against plaintiff.

Moreover, government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful.  *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

"The procedure for evaluating claims of qualified immunity is tripartite:  First, we determine whether a constitutional violation occurred;  second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights."  *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits.  *Dietrich*, 167 F.3d at 1012.  An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful.  Rather, in light of pre-existing law, the

unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus, qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours

of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.* In the opinion of the undersigned, there exists no genuine issue of fact that could support plaintiff's claims. Plaintiff has failed to show that his access to the courts rights were violated by defendants' conduct. Plaintiff simply cannot show actual injury because he failed to show how his cases were dismissed by defendants' conduct or why he simply could not attempt to file a new civil rights action and petition the prison for reimbursement of any out of pocket costs due to the loss or destruction of his personal property.

Accordingly, it is recommended that defendants' motions for summary judgment (docket ## 38 and 51) be granted and plaintiff's motion for summary judgment (docket # 46) be denied.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $255 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation.

- 9 -

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).

                                        /s/ Timothy P. Greeley
                                        TIMOTHY P. GREELEY
                                        UNITED STATES MAGISTRATE JUDGE

Dated:  June 9, 2005