UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L.T. TUCKER, JR.,

    Plaintiff,

v.                                       Case No. 2:03-cv-292
                                          HON. R. ALLAN EDGAR

CATHY BAUMAN, et al.,

    Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on June 8, 2005. The Report and Recommendation was duly served on the parties. The Court has received objections from plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

        Plaintiff prisoner L.T. Tucker, Jr., confined at the Alger Maximum Correctional Facility, asserted a claim that he was denied access to the courts. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Plaintiff asserts that he has shown actual injury by making the allegation in his complaint. Further, plaintiff claims that the confiscated documents were family

member affidavits which support his claim for ineffective assistance of counsel. Plaintiff has not explained why new affidavits are unavailable or why he was unable to make his own affidavit to support his claim of ineffective assistance counsel. Further, plaintiff has not alleged that court records are unavailable. Furthermore, plaintiff has not shown how the alleged confiscated documents could have helped him pursue his ineffective assistance of counsel claim. Plaintiff's objections are without merit.

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Plaintiff now alleges that defendant Levandowski only confiscated plaintiff's documents after plaintiff threatened "to write him up." Plaintiff has not explained what that threat actually meant. Further, plaintiff has not established that defendant Levandowski took adverse conduct or actually took some improper action against plaintiff. Accordingly, the Court finds these objections to be without merit.

THEREFORE, IT IS **ORDERED** that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court discerns no good-faith basis for an appeal. Should the plaintiff

appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

Dated: *September 16, 2005*　　　　　　　　　　　　 */s/ R. Allan Edgar*
　　　　　　　　　　　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE